**STEPTOE LLP**
Carol Brophy (SBN 155767)
*cbrophy@steptoe.com*
One Market Plaza
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (415) 365-6700
Facsimile: (415) 365-6699

**STEPTOE LLP**
Melanie A. Ayerh (SBN 303211)
mayerh@steptoe.com
John P. Wallan (SBN 353689)
jwallan@steptoe.com
633 W. Fifth St., Suite 1900
Los Angeles, California 90071
Telephone: 213-439-9400
Facsimile: 213-439-9599

**STEPTOE LLP**
Anthony G. Hopp (*pro hac vice*)
ahopp@steptoe.com
227 West Monroe Street, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 577-1300 / Facsimile: (312) 577-1370

Attorneys for Defendant
LAIRD SUPERFOOD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SCHALLERT, an individual,<br>Plaintiff,<br>v.<br>LAIRD SUPERFOOD, INC.,<br>Defendant. | Case No. 2:25-CV-12407-SPG-PVC<br><br>Assigned to Hon. Sherilyn Peace Garnett<br><br>**DEFENDANT LAIRD SUPERFOOD, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Hearing Date: August 26, 2026<br>Time: 1:30 p.m.<br>Courtroom 5C |

# TABLE OF CONTENTS


I. INTRODUCTION ........ 7

II. ARGUMENT ........ 8

A. The SAC does not allege any actionable or cognizable "injury." ........ 8

B. This Court Lacks Personal Jurisdiction Over Laird. ........ 9

C. Plaintiff Fails to State Any Cause of Action. ........ 13

1. The Complained-of Software is Not a Trap and Trace Device under California Law. ........ 13

2. Plaintiff has not Stated a Trap and Trace Claim. ........ 15

3. Plaintiff has Not Adequately Alleged a CDAFA Claim. ........ 16

4. Plaintiff's Common Law Invasion of Privacy and Intrusion Upon Seclusion Claims Fail. ........ 16

5. Plaintiff Concedes that He Cannot State a Claim Under the UCL. ........ 17

III. CONCLUSION ........ 18

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) .......... 10, 11, 12, 13

*Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456-SB-SP, 2023 WL 2996686, at *3 n. 4 (C.D. Cal. Apr. 5, 2023) .......... 9

*Calder v. Jones*, 465 U.S. 783 (1984) .......... 10

*Casillas v. Six Flags Entertainment Corp.*, 812 F. Supp. 3d 1016 (C.D. Cal. 2025) .......... 12

*Chevron Corp. v. Donziger*, No. 12-MC-80237, 2013 WL 4536808 (N.D. Cal. Aug. 22, 2013) .......... 17

*Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461 (N.D. Cal. 2021) .......... 16

*Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064 (N.D. Cal. 2023) .......... 16

*Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934 (S.D. Cal. 2024) .......... 16

*Even Zohar Constr. & Remodeling, Inc. v. Bellaire Townhouses, LLC*, 61 Cal.4th 830 (Cal. 2015) .......... 14

*In re Facebook Priv. Litig.*, 572 F. App'x 494 (9th Cir. 2014) .......... 18

*In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) .......... 7, 8, 9

*Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533-JST, 2025 WL 1939957 (N.D. Cal. July 14, 2025) .......... 12

*GeoSolutions B.V. v. Sina.com Online*, 700 F. Supp. 3d 821 (N.D. Cal. 2023) .......... 11

*Griffith v. TikTok, Inc.*,
697 F. Supp. 3d 963 (C.D. Cal. 2023) .......... 18

*Guzman v. Polaris Indus. Inc.*,
49 F.4th 1308 (9th Cir. 2022) .......... 18

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) .......... 17

*Hanna v. Plumer*,
380 U.S. 460 (1965) .......... 14

*Hassid v. Alex & Ani, LLC*,
816 F. Supp. 3d 1196 (C.D. Cal. 2026) .......... 12

*Heiting v. FKA Distrib. Co.*,
No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594 (C.D. Cal. Feb. 3, 2025) .......... 9

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) .......... 16

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
72 F.4th 1085 (9th Cir. 2023) .......... 10

*Hughes v. Vivint, Inc.*,
No. CV 24-3081-GW-KSX, 2024 WL 5179916 (C.D. Cal. July 12, 2024) .......... 9

*In re iPhone Application Litig.*,
No. 11–2250, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) .......... 16

*Kilgore v. SpecPro Prof'l. Servs., LLC*,
51 F.4th 973 (9th Cir. 2022) .......... 14

*Kishnani*, *v. Royal Caribbean Cruises Ltd.*,
No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025) .......... 9, 15

*Lewis v. Magnite, Inc.*,
No. 2:25-cv-03448-MWC-SSCx, 2025 WL 368756 (C.D. Cal. Dec. 4, 2025) .......... 12

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) .......... 17

*Martinez v. Choose Your Horizon, Inc.*,
No. 24-cv-02798-LB, 2025 WL 2498138 (N.D. Cal. Sept. 1, 2025) .......... 12, 13

*Mikulsky v. Bloomingdale's, LLC*,
3:23-cv-00425-L-VET, 2024 WL 3091395 (S.D. Cal. May 14, 2024), *aff'd in part and rev'd in part*, 2025 WL 1718225 .......... 11

*Mikulsky v. Bloomingdale's, LLC*,
Nos. 24-3564, 24-3837, 2025 WL 1718225 (9th Cir. June 20, 2025) .......... 11, 12

*Mitchener v. CuriosityStream, Inc.*,
815 F. Supp. 3d 845 (N.D. Cal. 2025) .......... 9, 15

*Moody v. Textron Inc.*,
No. 2:25-cv-01032, 2025 WL 2828109 (C.D. Cal. Sept. 24, 2025) .......... 10, 13

*Perkins v. LinkedIn Corp.*,
53 F. Supp. 3d 1190 (N.D. Cal. 2014) .......... 16

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .......... 7, 8, 9, 17

*Pratt v. Higgins*,
No. 22-cv-04228-HSG, 2023 WL 4564551 (N.D. Cal. July 17, 2023) .......... 16

*Rodriguez v. Autotrader.com, Inc.*,
No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787 (C.D. Cal. Apr. 4, 2025) .......... 9

*Rounds v. Case-Mate Inc.*,
No. 2:24-cv-08531-WLH-RAO, 2025 WL 1873999 (C.D. Cal. July 2, 2025) .......... 10, 13

*Rounds v. Dev. Dimensions Int'l, Inc.*,
No. 8:25-cv-01975-DOC-ADS, 2025 WL 4055402 (C.D. Cal. Dec. 15, 2025) .......... 13

*Sanchez v. Cars.com Inc.*,
No. 24STCV13201, 2025 WL 487194 (Cal. Super. Jan. 27, 2025) .......... 15

*Schallert v. Palo Alto Networks, Inc.*, No. 25STCV17109, 2026 WL 754028 (Cal. Super. Mar. 6, 2026) .................. 15

*Shagoofa v. Eshaqzi*, No. 8:22-cv-01824-FWS-JDE, 2024 WL 1600657 (C.D. Cal. Feb 26, 2024) .................. 17

*Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924 (N.D. Cal. 2024) .................. 14

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) .................. 18

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) .................. 8

*Thomas v. Papa John's Int'l, Inc.*, Nos. 24-3557, 24-3834, 2025 WL 1704437 (9th Cir. June 18, 2025) .................. 11

*Thomas v. Papa Johns Int'l, Inc.*, No. 22cv2012 DMS (MSB), 2023 WL 6370641 (S.D. Cal. Aug. 14, 2023) .................. 11, 12

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) .................. 8

**Statutes**

Cal. Penal Code § 638.50 .................. 14, 15

Cal. Penal Code § 638.51 .................. 14

Cal. Penal Code § 638.52 .................. 14

Cal. Penal Code § 638.53 .................. 14

**Other Authorities**

https://www.leginfo.ca.gov/pub/15-16/bill/asm/ab_0901-0950/ab_929_cfa_20150406_093935_asm_comm.html .................. 14

## I. INTRODUCTION

Plaintiff's Opposition (Dkt. 39) to Laird Superfoods' ("Laird") Motion to Dismiss (Dkt. 37) admits that the Plaintiff's Second Amended Complaint ("SAC") simply doubled down on the same theories that this Court rejected when it dismissed Plaintiff's First Amended Complaint ("FAC") (Dkt. 33) for lack of Article III standing. As with Plaintiff's FAC, the focus of the SAC is on what *might have happened* to Plaintiff and other non-party consumers, not what actually *did happen*. Once again, Schallert fails to specifically identify what personal information he exchanged with Laird's website the ("Website"), what personal data the Website allegedly collected from him, or how the collected information actually caused him harm. The alleged collection of "routing, addressing, and signaling information", along with other unspecified "data" that was allegedly sent to "third parties", is simply not enough to support Article III standing. SAC, ¶¶ 16, 71. As this Court already held, Schallert must show that the information allegedly collected implicates his control over information concerning his person, and must constitute the type of highly offensive intrusion sufficient to constitute a concrete injury. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020); *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025). Schallert does neither, and his Opposition is unconvincing.

The Opposition repeats *verbatim* most of the same arguments Schallert raised in opposition to Laird's Motion to Dismiss his FAC, and largely does not address the authorities Laird cited its Motion to Dismiss his SAC. (Dkt. 37) (the "Motion"). As Laird previously stated, any reasonably experienced user of e-commerce websites knows that internet-based retail platforms collect certain basic information about their customers' visits for marketing purposes. This routine practice is neither "highly offensive" nor actionable under California law. Schallert cannot plausibly claim otherwise based on a single, non-interactive visit to Laird's website. The SAC

fails to plausibly state any cause of action, and this Court should dismiss this case again, this time with prejudice and without leave to amend.

## II. ARGUMENT

### A. The SAC does not allege any actionable or cognizable "injury."

The Opposition confirms that the SAC offers nothing new. Plaintiff again claims that his "concrete injuries" are limited to: "loss of control of his identifying information; the recording of the webpages he visited, including this data's use to create behavioral profiles of him; the tracking of his ongoing internet activity; the diminution of the economic value of such data; and the exposure to the likely use of the data for purposes far removed from the circumstances of Schallert's visit to the Website." Opposition ("Opp.") at 17:24-28. But as explained in the Motion, this is both speculation and insufficient to support standing. Plaintiff has not alleged sufficient facts to describe a concrete injury under Ninth Circuit precedent.

To sufficiently allege an injury, Schallert must plead that the alleged tracking program implicated *his* control of information concerning *his* person, and that the conduct constituted a "highly offensive" intrusion. *See Facebook*, 956 F.3d at 598; *Popa*, 153 F.4th at 791. However, the SAC does not identify **any** specific information that was "taken" from him, nor anything that implicates embarrassing, invasive, or otherwise private information about Schallert. Instead, the SAC says that unspecified information, consisting of routing, addressing, and signaling information, along with "data", *might* have been taken, and *might* have been used, and that this *might* have happened to other people. *See, e.g.*, SAC ¶¶ 16, 44, 71, 74, 75. But "might" is not enough. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021) ("[T]he risk of future harm on its own does not support Article III standing" for damages); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (explaining that a "concrete" injury "must actually exist", and be "real" and not "abstract"). The SAC's allegations are once again too generic, and do not identify anything that happened to Schallert specifically.

The Opposition acknowledges that this Court already rejected the cases Plaintiff cited in the briefing on the FAC. *See* Opp. at 18:1-16. The Court should continue to reject Schallert's arguments. Plaintiff's theories are foreclosed by Supreme Court and Ninth Circuit precedent, and this Court should not take the invitation to weaken Article III's requirements. Plaintiff does not identify how many times he visited the Website, which products he viewed, which pages he accessed, what specific content he interacted with, what particular information about him the Website allegedly captured and transmitted, to which third party the Website allegedly transferred that information, whether any third party actually received identifiable information about him, or whether he was in fact de-anonymized by anyone. *See generally* SAC. Further, Plaintiff is clearly a serial tester who does not have any reasonable expectation of privacy. *See Rodriguez v. Autotrader.com, Inc.*, No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787, at 3 (C.D. Cal. Apr. 4, 2025) (dismissing serial tester case); *Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456-SB-SP, 2023 WL 2996686, at *3 n. 4 (C.D. Cal. Apr. 5, 2023) (observing that any reasonable expectation of privacy is doubtful when plaintiff had filed multiple similar claims).

This Court lacks subject matter jurisdiction, and should dismiss this case with prejudice, and without leave to amend. *See Facebook*, 956 F.3d at 598; *Popa*, 153 F.4th at 791; *see also Heiting v. FKA Distrib. Co.*, No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594, at *3 (C.D. Cal. Feb. 3, 2025); *Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *4 (C.D. Cal. July 12, 2024); *Kishnani*, *v. Royal Caribbean Cruises Ltd.*, No. 25-CV-01473-NW, 2025 WL 1745726, at *3 (N.D. Cal. June 24, 2025); *Mitchener v. CuriosityStream, Inc.*, 815 F. Supp. 3d 845, 850–51 (N.D. Cal. 2025).

**B. <u>This Court Lacks Personal Jurisdiction Over Laird.</u>**

As with the prior briefing, the Opposition does not contend that Laird is subject to general jurisdiction in California. The Opposition argues that this Court

has specific jurisdiction because Laird's website has a store locator that allows users to find third-party retail locations selling Laird products in California, the Website has a privacy policy that mentions California, the Website does not block visitors from California, and Laird has a connection to Laird Hamilton, Laird's co-founder. *See* Opp. at 10:21-28, 11:1-17. None of these arguments are compelling.

Under the *Calder* effects test, Schallert must show that Laird (1) committed an intentional act, (2) expressly aimed at California, (3) causing harm that Laird knows is likely to be suffered in California. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023); *see also Calder v. Jones*, 465 U.S. 783, 789 (1984). A website's mere accessibility from California is not enough; the SAC must show "something more." As in *Rounds* and *Moody*, the SAC does not allege that Schallert interacted with the website, such as by ordering something or inputting information.

Schallert again relies on *Briskin* to no avail, and does not attempt to differentiate *Rounds* or *Moody*. In *Briskin*, the Ninth Circuit restated that contacts with a forum can be in the form of electronic communications, but "something more" than a website's mere passive nationwide accessibility is required to show express aiming at the forum state. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 752-53 (9th Cir. 2025). *Rounds* and *Moody* applied *Briskin* to near identical facts, and found that there was no specific jurisdiction. *See Rounds v. Case-Mate Inc.*, No. 2:24-cv-08531-WLH-RAO, 2025 WL 1873999, at *4-7 (C.D. Cal. July 2, 2025); *Moody v. Textron Inc.*, No. 2:25-cv-01032, 2025 WL 2828109, at *5 (C.D. Cal. Sept. 24, 2025) ("Here, the SAC alleges no reason for the contact between Plaintiff and Defendant other than Plaintiff's choice to utilize the website, lacking an allegation that it was Defendant's own choice that caused its contacts with California."). Plaintiff does not allege that he accessed the Website because of any California-specific marketing or presence, nor has he cited any authority that including a store locator identifying third-party retailers who carry Laird products is enough to

constitute "something more" under *Briskin* and similar cases. The SAC does not allege that Schallert purchased anything or did anything on the Website. This is fatal to his personal jurisdiction argument. The SAC does not connect the pages, images, or links on the Website to any alleged injury to Schallert.

Further, as explained in the Motion and prior briefing, Mr. Hamilton's supposed California connections are irrelevant to this case—Laird Superfoods is a corporation, and under long-standing principles, is a separate entity from its founder and namesake. *See, e.g.*, *GeoSolutions B.V. v. Sina.com Online*, 700 F. Supp. 3d 821, 827 (N.D. Cal. 2023). Shareholders' and officers' own personal connections to a state are not imputed to the corporation for the purpose of the specific jurisdiction analysis.

The Opposition cites the same the handful of cases in support of its argument, but they again demonstrate why Schallert has failed to show "something more" than mere nationwide accessibility.

- *Thomas v. Papa John's Int'l, Inc.*, Nos. 24-3557, 24-3834, 2025 WL 1704437 (9th Cir. June 18, 2025)—The Ninth Circuit affirmed personal jurisdiction because Papa John's expressly aimed its conduct at California by operating a website that allowed users to "browse local menus and place and pay for orders for take-out and/or delivery of food from Papa Johns' brick and mortar stores located in California." *Thomas v. Papa Johns Int'l, Inc.*, No. 22cv2012 DMS (MSB), 2023 WL 6370641, at *4 (S.D. Cal. Aug. 14, 2023) (citation modified).
- *Mikulsky v. Bloomingdale's, LLC*, Nos. 24-3564, 24-3837, 2025 WL 1718225 (9th Cir. June 20, 2025)— Similar to *Papa Johns*, the underlying district court analysis revealed that "Plaintiff has alleged that Defendants reach into the jurisdiction by maintaining an integrated website that pairs online use of the website with operations of its brick-and-mortar stores in California." *Mikulsky v. Bloomingdale's, LLC*, 3:23-cv-00425-L-VET, 2024 WL 3091395, at * 2 (S.D. Cal. May 14, 2024), *aff'd in part and rev'd in part*, 2025 WL 1718225.

- *Hassid v. Alex & Ani, LLC*, 816 F. Supp. 3d 1196 (C.D. Cal. 2026)—Defendant allegedly contracted with TikTok to send information to TikTok in California, and allegedly used TikTok software to search the internet for data to deanonymize website users. *See id.* at 1203-04. The *Hassid* court, though citing *Briskin*, *Papa Johns* and *Mikulsky* as a basis for finding specific jurisdiction, does not appear to have analyzed the "nation[wide] viewership and scope" aspect of the Ninth Circuit's decisions. *See id.*
- *Lewis v. Magnite, Inc.*, No. 2:25-cv-03448-MWC-SSCx, 2025 WL 368756 (C.D. Cal. Dec. 4, 2025)—In *Magnite*, defendant was a data broker whose product was software that collected information on users (similar to Shopify in *Briskin*). Through its software, defendant would near-immediately know that a user was in California, and then defendant would continue to collect information on them. Thus, the conduct was expressly aimed at California. Here, Defendant is not alleged to be a data broker whose own software is designed to target Californians.
- *Casillas v. Six Flags Entertainment Corp.*, 812 F. Supp. 3d 1016 (C.D. Cal. 2025)—defendant's website sold amusement park tickets targeted at California residents, and the website expressly referred to California residents. *Id.* at 1026. Similar to *Papa Johns* and *Mikulsky*, the "something more" was the link between the website and defendant's operations in California. Plaintiff here does not allege that Laird's website targeted California residents like a website selling tickets for things to do in California would.
- *Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533-JST, 2025 WL 1939957 (N.D. Cal. July 14, 2025)—In *Motorola*, plaintiff was presented with a pop-up consent banner, and he rejected all non-essential cookies. Despite this, defendant allegedly continued to place tracking data on his device and collect detailed information. *Id.* at *1. No such allegations are present here.
- *Martinez v. Choose Your Horizon, Inc.*, No. 24-cv-02798-LB, 2025 WL 2498138 (N.D. Cal. Sept. 1, 2025)—The court in *Martinez* observed "[t]his lawsuit

involves known California customers, who completed forms to obtain ketamine treatment, had a consultation with a California clinician, and had their PII intercepted, all through CYH's online business, which serves customers in twenty-one states, including California." *Id.* at *5. Further, the *Martinez* plaintiffs actually used defendant's services, and interacted with the website, instead of merely visiting the website.

In each of these cases, there was "something more" than a simple retail website that the plaintiff accessed from a location in California. In almost every case, the plaintiff purchased something from the website, otherwise interacted with the website in some way other than simply looking at it, as Schallert allegedly did here, or defendant's website was connected to its in-state operations. *Cf. Rounds*, 2025 WL 1873999, at *6 ("Simply put, there are no allegations in the SAC that Defendant either cultivates or exploited a nationwide audience for commercial gain. There is nothing in the SAC that demonstrates Defendant's contacts with California did not merely arise from California consumers' choice to purchase goods from Defendant." (citation modified)); *see also Rounds v. Dev. Dimensions Int'l, Inc.*, No. 8:25-cv-01975-DOC-ADS, 2025 WL 4055402, at *4 (C.D. Cal. Dec. 15, 2025) ("[T]he present case is disanalogous to *Briskin*, where the Defendant was not the host website, but the party that was collecting information on Californians (Shopify)." (citation omitted)). Under the facts alleged by Schallert, the required "something more" is absent, and exercising specific judication over Laird would be unreasonable and fail to comport with due process. *See Briskin*, 135 F.4th at 752-53. This Court lacks personal jurisdiction over Laird. *See id.* at 756 n.12; *Rounds*, 2025 WL 1873999, at *6–*7; *Moody*, 2025 WL 2828109, at *5.

**C. <u>Plaintiff Fails to State Any Cause of Action.</u>**

1. *The Complained-of Software is Not a Trap and Trace Device under California Law.*

CIPA's limitations on trap and trace devices do not apply to the kind of website software Schallert describes. The Opposition does not address the Motion's argument that California courts reject Schallert's reading of CIPA, nor does it address the statutory text, structure, and legislative history. *Compare* Opp. at 21-23, *with* Motion at 21:15-24:12. Instead, the Opposition cites federal decisions, and gives a mistaken history of CIPA. The federal cases finding that "trap and trace" includes website software appear to focus on "modernizing" CIPA, mostly under public policy considerations. *E.g.*, *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 949-50 (N.D. Cal. 2024). But the CIPA provision at issue needs no modernizing. The California Legislature has continually amended CIPA, and sections 638.50-51 were enacted in **2015**. If the Legislature wanted to include website software, it could have said so. This Court sits in diversity jurisdiction, and must apply the substantive law of California. *E.g.*, *Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965). In doing so, this Court must follow California's rules of statutory interpretation. *Kilgore v. SpecPro Prof'l. Servs., LLC*, 51 F.4th 973, 983 (9th Cir. 2022). The California Supreme Court instructs that California law should be construed by beginning with the statute's actual words, with usual and ordinary meaning, construed in context. *Id.*; *Even Zohar Constr. & Remodeling, Inc. v. Bellaire Townhouses, LLC*, 61 Cal.4th 830, 837-38 (Cal. 2015). If the language allows for more than one reasonable construction, court should look to legislative history and maxims of statutory construction. *Even Zohar*, 61 Cal.4th at 838. And then, in cases of uncertain meaning, courts may also consider the consequences of an interpretation, including public policy. *Id.* As detailed in the Motion, the plain statutory text, the surrounding provisions and structure, and the legislative history lead to the conclusion that the definition of "trap and trace device" does not apply to the internet. *See* Cal. Penal Code §§ 638.50, 638.51, 638.52, 638.53; AB 929, Assemb. Comm. on Pub. Safety, Bill Analysis of AB 929, at p. S (Cal. Apr. 6, 2015), https://www.leginfo.ca.gov/pub/15-16/bill/asm/ab_0901-

0950/ab_929_cfa_20150406_093935_asm_comm.html ("AB 929 Analysis"). The Opposition does not offer any response to this explanation of the law.

Other California courts have rejected Schallert's theories, along with those of likeminded plaintiffs. *See, e.g.*, *Schallert v. Palo Alto Networks, Inc.*, No. 25STCV17109, 2026 WL 754028, at *2 (Cal. Super. Mar. 6, 2026); *Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *3 (Cal. Super. Jan. 27, 2025). Further, the Legislative history the Opposition cites is the same cited in the Motion, and does not support Schallert's interpretation. *See* Opp. at 23:7-9; AB 929 Analysis. Despite Schallert's arguments, this recent history gives no indication that the legislature had any intention to broadly regulate tracking software on websites via CIPA, and it instead clearly refers only to telephones.

2. *Plaintiff has not Stated a Trap and Trace Claim.*

Even if this Court expands the applicability of CIPA's trap and trace limits beyond its statutory scheme, and beyond what the legislature intended (and it should not), the SAC still fails to state a claim. A "trap and trace device" captures identifying information about a communication "but not the contents of a communication." Cal. Penal Code § 638.50(c); *Mitchener*, 815 F. Supp. 3d at 851 (same). The Opposition neither addresses *Mitchener*, nor *Kishnani*.

As previously explained, if Schallert alleges that Laird only collects information on metadata, then his right to privacy was not invaded as he had no reasonable expectation of privacy in that data. *See Mitchener*, 815 F. Supp. 3d at 851. Conversely, if Schallert alleges that Laird collects content information from communication, then the Software is not a trap and trace device. *Id.* The Opposition tries to argue that Schallert can allege both. Not so. Here, the SAC alleges that the software records users' browsing activity on the website, allowing third parties to construct behavior profiles—this is alleged to be content, not mere routing or addressing data. Therefore, the SAC fails to state a trap and trace claim. Conversely, if the data collected is only routing information and other metadata, then Schallert

lacks Article III standing, as explained above. *See id.*; *supra* Section II(A). Thus, Schallert's trap and trace claim should be dismissed.

3. *Plaintiff has Not Adequately Alleged a CDAFA Claim.*

The Opposition only briefly argues that the SAC states a claim under the CDAFA, and only cites one case in its favor. Again, the CDAFA is an anti-hacking statute, *but this lawsuit is not about hacking*. The Opposition's one paragraph response on the CDAFA claim cites a single district court opinion that Plaintiff characterizes as holding that the operation of tracking software a commercial website constitutes a violation of CDAFA. *See Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 945 (S.D. Cal. 2024). However, the majority view is that the alleged "loss" of Plaintiff's IP address and other record information does not give rise to a CDAFA claim. *See Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1020-21 (C.D. Cal. 2023); *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1081-83 (N.D. Cal. 2023); *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 488 (N.D. Cal. 2021); *Pratt v. Higgins*, No. 22-cv-04228-HSG, 2023 WL 4564551, at *9 (N.D. Cal. July 17, 2023).

Additionally, as explained in the Motion, several courts have held that "individuals may only be subjected to liability for acting 'without permission' under Section 502 if they access or use a computer, computer network, or website in a manner that overcomes technical or code-based barriers." *E.g.*, *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1217 (N.D. Cal. 2014) (quoting *In re iPhone Application Litig.*, No. 11–2250, 2011 WL 4403963, at *12 (N.D. Cal. Sept. 20, 2011). The SAC does not allege that Laird overcame any "code-based barriers" to collect Schallert's record information. The CDAFA claim should be dismissed.

4. *Plaintiff's Common Law Invasion of Privacy and Intrusion Upon Seclusion Claims Fail.*

The Opposition's extremely short response on common law privacy claims, argues that his "choices of products *might* reveal sensitive and confidential facts

about his life." Opp. at 25:14-15 (emphasis added). "Might" is the tell that Schallert both lacks Article III standing, as explained, and fails to state a claim. Schallert never alleges that he made any such selections or revealed any such information. Nor can he. As set forth in the Motion, this is the *thirty-ninth* such case Schallert has filed in the last two years. The only reasonable conclusion is that Schallert has no expectation of privacy, and that he specifically seeks out websites he thinks might be susceptible to these sorts of lawsuits. The SAC does not identify any intimate, sensitive, or otherwise protected personal information allegedly collected from Schallert. Disclosure of the alleged routing information does not violate the privacy clause of the California Constitution. *See Chevron Corp. v. Donziger*, No. 12-MC-80237, 2013 WL 4536808, at *10 (N.D. Cal. Aug. 22, 2013); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). "There is no reasonable expectation of privacy when the data collection is within users' common-sense expectation or when the information is not sensitive." *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1089 (N.D. Cal. 2022). Again, *Popa v. Microsoft Corporation*, is directly on point, finding a complaint that "identifies no embarrassing, invasive, or otherwise private information collected" is insufficient to establish either eighter invasion of privacy or intrusion upon seclusion. 153 F.4th at 791.

5. *Plaintiff Concedes that He Cannot State a Claim Under the UCL.*

The Opposition does not even try to argue that Plaintiff's UCL claim is viable. *See generally* Opp. "A failure to oppose moving arguments in a motion, as to a claim or an issue may be deemed a waiver, abandonment, or concession of that claim or issue." *Shagoofa v. Eshaqzi*, No. 8:22-cv-01824-FWS-JDE, 2024 WL 1600657, at *3 (C.D. Cal. Feb 26, 2024) (citation modified). This Court should dismiss Schallert's UCL claim on that basis alone.

Further, Schallert lacks UCL standing because his alleged loss of private data and diminution of its value are not an "economic injury." *See Griffith v. TikTok, Inc.*, 697 F. Supp. 3d 963, 977-98 (C.D. Cal. 2023); *In re Facebook Priv. Litig.*, 572 F. App'x 494, 494 (9th Cir. 2014). Additionally, the Court must dismiss the UCL claim because it lacks equitable jurisdiction. The SAC does not allege that Plaintiff lacks an adequate legal remedy, and Plaintiff has an adequate remedy because he seeks legal damages through his other causes of action. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313-15 (9th Cir. 2022); *see generally* SAC.

## III. CONCLUSION

Plaintiff Lawrence Schallert cannot state a valid claim against Defendant Laird Superfoods. He appears to be a professional "tester" plaintiff, who allegedly visited Laird's website a single time in April 2025, but did not interact with the site in any way. The SAC does not fix the FAC's fatal flaws, and should be dismissed with prejudice and without to leave to amend.

Dated: August 12, 2026

STEPTOE LLP

By: */s/ Anthony G. Hopp*
Carol Brophy
Anthony G. Hopp *(pro hac vice)*
Melanie A. Ayerh
John P. Wallan

Attorneys for Defendant
LAIRD SUPERFOOD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 12, 2026, a copy of the foregoing **DEFENDANT LAIRD SUPERFOOD, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ Anthony G. Hopp*
Anothony G. Hopp